UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARGENT MORTGAGE COMPANY, LLC,<br>　　　　　Plaintiff<br><br>　　vs.<br><br>DAVID TURK; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; EASTERN SAVINGS BANK, FSB; WELLS FARGO BANK, NA, TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, PARK PLACE SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-WCWβ; and ALL OCCUPANTS AND/OR TENANTS WHOSE NAMES ARE UNKNOWN,<br><br>　　　　　Defendants | CAUSE NO. 3:06-CV-261 RM |

OPINION and ORDER

　　This cause is before the court on Argent Mortgage Company's motion to reinstate its note and mortgage against defendant David Turk, vacate a default judgment entered by the St. Joseph County Circuit Court, and dismiss this cause without prejudice. The United States, which holds a tax lien on the mortgaged property, argues that the judgment entered against it is invalid and opposes the motion insofar as Argent seeks a determination that Argent's interest in the property is superior to that of the United States.

The facts of this case aren't in dispute. On June 23, 2005, Mr. Turk executed a promissory note in favor of Argent and a real estate mortgage in favor of Argent to secure payment of the note. Mr. Turk defaulted on the note, and on March 3, 2006, Argent filed a complaint in the St. Joseph Circuit Court against Mr. Turk, seeking to foreclose on the mortgage, and against various other defendants, based on their potential interests in the property. On April 11, the state court entered a default judgment as to all the defendants.

On April 20, the United States removed the action to this court. In its answer to the complaint, the United States acknowledged it held a tax lien on the property and asserted that its lien was superior to that of Argent.

Mr. Turk has since paid Argent an amount sufficient to cover the overdue payments and the costs incurred in the collection proceedings. Argent then moved to vacate the default, reinstate the mortgage and note, and dismiss the case. In response, the United States asserts that the default judgment entered against it isn't valid and objects to Argent's request that the court reinstate the mortgage and note as a first and prior lien on the property.

The default judgment at issue in this case was entered in the St. Joseph Circuit Court on April 11, thirty-nine days after the filing of Argent's complaint; the government's notice of removal was filed on April 20. The United States argues that the default judgment is invalid against the government because 28 U.S.C. § 2410(b) provides that "the United States

may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow." The parties haven't briefed the issue of whether 28 U.S.C. § 2410 preempts state court rules before the government's removal of a case, but they agree that the state court judgment and decree of foreclosure should be set aside. Thus, a determination of the validity of the default judgment as to the United States and the priority of the liens in that judgment is unnecessary.

The motion of Argent Mortgage Company [docket # 7] is granted in part and denied in part as follows:

(1) the motion to vacate default judgment and decree of foreclosure entered April 11, 2006 in the St. Joseph Circuit Court is GRANTED;

(2) the motion to reinstate note and mortgage is (a) GRANTED insofar as it seeks reinstatement of the note and mortgage and (b) DENIED insofar as it seeks a determination of the priority of the interests; and

(3) the motion to dismiss is GRANTED, and this cause is ORDERED dismissed without prejudice.

SO ORDERED.

ENTERED:   November 28, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court